IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SITO MOBILE R&D IP, LLC, and
SITO MOBILE, LTD.,

                    Plaintiffs,

      v.

WORLD WRESTLING ENTERTAINMENT,
INC.,

                  Defendant.

Case No.

Jury Trial Demanded

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. (collectively "SITO"), by and through its undersigned counsel, files this Complaint against World Wrestling Entertainment, Inc ("WWE") for patent infringement of United States Patent Nos. 7,054,949; 7,689,706; 8,825,887; 9,026,673; 9,135,635; 9,135,636; 9,350,777; 9,380,088; 9,591,360; 9,756,362; 10,009,637 and 10,171,846 (collectively, the "patents-in-suit" and attached as Exhibits 1-12 respectively) and allege as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

**THE PARTIES**

2.      Plaintiff SITO Mobile R&D IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 123 Town Square Place, Suite 419, Jersey City, New Jersey 07310.

3.      Plaintiff SITO Mobile, Ltd. is a company organized and existing under the laws of the State of Delaware with its principal place of business located at 123 Town Square Place, Suite 419, Jersey City, New Jersey 07310.

4.      On information and belief, Defendant World Wrestling Entertainment, Inc. is a company organized and existing under the laws of the State of Delaware with a place of business located at 1241 East Main Street. Stamford, CT 06902. WWE may be served with process through its registered agent for service in Delaware: The Corporation Trust Company, 1209 Orange Street, Wilmington DE 19801.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.      WWE is subject to this Court's personal jurisdiction in accordance with due process and/or the Delaware Long Arm Statute because, in part and on information and belief, WWE transacts business in Delaware, contracts to supply services and things in Delaware, and has caused Plaintiff injury in Delaware. *See* Del. Code Ann. Tit. 3, § 3104.

7.      This Court has personal jurisdiction over WWE because WWE (directly and/or through its agents, subsidiaries, affiliates, or intermediaries) has committed and continues to commit acts of infringement in Delaware and this judicial district in violation of at least 35 U.S.C. § 271(a).

8.      This Court also has personal jurisdiction over WWE because WWE has sufficient minimum contacts with this forum as a result of business conducted within the State of Delaware and this judicial district. In particular, this Court has personal jurisdiction over WWE because, *inter alia*, WWE, on information and belief: (1) has substantial, continuous, and systematic contacts with this State and this judicial district; (2) enjoys substantial income from its operations and sales in this State and this judicial district; and (3) solicits business and markets products, systems and/or services in this State and this judicial district including, without limitation, related to the accused instrumentalities.

9.      WWE has purposefully availed itself of the privileges of conducting business within Delaware and this judicial district, has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being hauled into court in this judicial district, has purposefully directed activities at residents of this judicial district, and at least a portion of the patent infringement claims alleged in this Complaint arise out of or are related to one or more of the foregoing activities.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § § 1391(b) and (c) and/or 1400(b). WWE is incorporated and registered to do business in Delaware, is deemed to be a resident of Delaware, and has committed acts of infringement in Delaware.

## WWE VIDEO STREAMING SERVICE

11.     WWE offers a subscription-based streaming service that provides video programming over the Internet.[1] On information and belief, WWE provides video streaming services worldwide with 1.5 million+ subscribers.[2]

12.     WWE's streaming service offers "live WWE pay-per-view event including WrestleMania PLUS every WWE, WCW and ECW pay-per-view in history, Exclusive weekly access to in-ring premier shows like NXT, where new Superstars amaze the WWE Universe every week and 205 Live, where you can catch the high-flying action of WWE's Cruiserweight division, Groundbreaking documentaries, reality shows, original series and in-ring specials like the Mae Young Classic, Cruiserweight Classic and the U.K. Championship Tournament".[3]

13.     WWE subscribers can access its services through any device including "TVs, game consoles, phones, tablets and computers." [4] WWE subscribers can download WWE apps to their mobile devices from Apple's App Store.[5]

14.     "Subscribers can purchase WWE Network through Peacock Premium for $4.99 per month. The channel currently costs $9.99 per month."[6]

15.     WWE streams videos using a network(s) of servers ("WWE Streaming Platform"). WWE uses Dynamic Adaptive Streaming over HTTP (MPEG-DASH) and/or HTTP

---

[1] https://www.wwe.com/

[2] https://www.theverge.com/2021/1/25/22248330/wwe-network-peacock-move-announced-date-price

[3] https://help.wwe.com/Answer/Detail/49

[4] https://help.wwe.com/Answer/Detail/49

[5] https://apps.apple.com/us/app/wwe/id551798799

[6] https://www.usatoday.com/story/sports/media/2021/01/25/wwe-network-nbc-peacock-subscription/6698249002/

Live Streaming (HLS) protocols to stream video content. MPEG-DASH and HLS are HTTP-based adaptive bitrate streaming techniques that enable high quality streaming of media content over the Internet from web servers. The operation of MPEG-DASH and HLS are described in standards documents.[7]

16.     With MPEG-DASH and HLS, a video may be broken up into thousands of small HTTP-based file segments. Each segment contains a short interval of playback time of the video. The segments are encoded at a variety of different bit rates (speeds). After a video is selected to be streamed, the media player on the subscriber device is provided with a file that informs the player, amongst other things, how to obtain the segments sequentially and how to handle ad breaks (if any). As the video is playing, the subscriber device determines the bit rate that it can handle and requests a segment(s) encoded at that bit rate. The player plays the segments in sequential order and continuously requests segments until the player has received all of the segments that make up the video.

## THE PATENTS-IN-SUIT

## United States Patent No. 7,054,949

17.     On May 30, 2006, the USPTO duly and legally issued United States Patent No. 7,054,949 ("the '949 patent") entitled "System and Method for Streaming Media" to inventor Charles A. Jennings et al.

18.     The '949 patent is presumed valid under 35 U.S.C. § 282.

19.     SITO owns all rights, title and interest in the '949 patent.

---

[7] The MPEG-DASH standard is available at https://www.iso.org/ics/35.040.40/x/. A copy of the HLS standard is attached hereto as Exhibit 13.

## United States Patent No. 7,689,706

20.   On March 30, 2010, the USPTO duly and legally issued United States Patent No. 7,689,706 ("the '706 patent") entitled "System and Method for Streaming Media" to inventor Charles A. Jennings et al.

21.   The '706 patent is presumed valid under 35 U.S.C. § 282.

22.   SITO owns all rights, title and interest in the '706 patent.

## United States Patent No. 8,825,887

23.   On September 2, 2014, the USPTO duly and legally issued United States Patent No. 8,825,887 ("the '887 patent") entitled "System and Method for Streaming Media" to inventor Charles A. Jennings et al.

24.   The '887 patent is presumed valid under 35 U.S.C. § 282.

25.   SITO owns all rights, title and interest in the '887 patent.

## United States Patent No. 9,026,673

26.   On May 5, 2015, the USPTO duly and legally issued United States Patent No. 9,026,673 ("the '673 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

27.   The '673 patent is presumed valid under 35 U.S.C. § 282.

28.   SITO owns all rights, title and interest in the '673 patent.

## United States Patent No. 9,135,635

29.   On September 15, 2015, the USPTO duly and legally issued United States Patent No. 9,135,635 ("the '635 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

30.   The '635 patent is presumed valid under 35 U.S.C. § 282.

31.     SITO owns all rights, title and interest in the '635 patent.

**United States Patent No. 9,135,636**

32.     On September 15, 2015, the USPTO duly and legally issued United States Patent No. 9,135,636 ("the '636 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

33.     The '636 patent is presumed valid under 35 U.S.C. § 282.

34.     SITO owns all rights, title and interest in the '636 patent.

**United States Patent No. 9,350,777**

35.     On May 24, 2016, the USPTO duly and legally issued United States Patent No. 9,350,777 ("the '777 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

36.     The '777 patent is presumed valid under 35 U.S.C. § 282.

37.     SITO owns all rights, title and interest in the '777 patent.

**United States Patent No. 9,380,088**

38.     On June 28, 2016, the USPTO duly and legally issued United States Patent No. 9,380,088 ("the '088 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

39.     The '088 patent is presumed valid under 35 U.S.C. § 282.

40.     SITO owns all rights, title and interest in the '088 patent.

**United States Patent No. 9,591,360**

41.     On March 7, 2017, the USPTO duly and legally issued United States Patent No. 9,591,360 ("the '360 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

42.     The '360 patent is presumed valid under 35 U.S.C. § 282.

43.     SITO owns all rights, title and interest in the '360 patent.

**United States Patent No. 9,756,362**

44.     On September 5, 2017, the USPTO duly and legally issued United States Patent No. 9,756,362 ("the '362 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

45.     The '362 patent is presumed valid under 35 U.S.C. § 282.

46.     SITO owns all rights, title and interest in the '362 patent.

**United States Patent No. 10,009,637**

47.     On June 26, 2018, the USPTO duly and legally issued United States Patent No. 10,009,637 ("the '637 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

48.     The '637 patent is presumed valid under 35 U.S.C. § 282.

49.     SITO owns all rights, title and interest in the '637 patent.

**United States Patent No. 10,171,846**

50.     On January 1, 2019, the USPTO duly and legally issued United States Patent No. 10,171,846 ("the '846 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

51.     The '846 patent is presumed valid under 35 U.S.C. § 282.

52.     SITO owns all rights, title and interest in the '846 patent.

## CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 7,054,949

53.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

54.     WWE directly infringes (literally and/or under the doctrine of equivalents) the '494 patent by using the method covered by at least claim 49 of the '949 patent.

55.     On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components and/or services for streaming media, that practices and infringes the media streaming method recited in at least claim 49 of the '949 patent.

56.     The WWE Streaming Platform performs a method of streaming video. The WWE Streaming Platform receives a request (e.g., GET request) for media (e.g., television program or movie) and in response builds a reservation having a reservation identification (e.g., Etag, session tokens) for the request.

57.     The WWE Streaming Platform receives, at a routing processor identification (e.g., Origin), reservation data comprising a valid reservation identification (e.g., Etag, session token) and a media identification (e.g., file name) and determining if a media switch (e.g., CDN server/cache) is configured to stream media for the request.

58.     On information and belief, the WWE Streaming Platform transmits the reservation data (e.g., reservation identification unique to the user and media) to the media switch (e.g., Media streaming servers, CDN server/cache) if the media switch is configured, at

least initially, to stream media (e.g., television program or movie) for the request (e.g., GET request).

59.     On information and belief, WWE's uses a CDN, Akamai, to receive the reservation identification (e.g., Etag, session tokens, cookies) at the media switch (e.g., media streaming servers, CDN server/cache).

60.     The WWE streaming platform causes and requires Akamai (e.g., CDN) to process the reservation identification and the reservation data to determine if the reservation identification (e.g., Etag) is valid.

61.     The WWE Streaming Platform causes and requires Akamai to stream at least partial media for the request if the reservation identification (e.g., Etag) is valid.

62.     SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

## Count II – Infringement of United States Patent No. 7,689,706

63.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

64.     WWE directly infringes (literally and/or under the doctrine of equivalents) the '706 patent by using the method covered by at least claim 5 of the '706 patent.

65.     On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components and/or services for streaming media, that practices and infringes the media streaming method recited in at least claim 5 of the '706 patent.

10

66.     The WWE Streaming Platform performs a method of streaming video. The WWE Streaming Platform receives at a service processor (e.g., WWE server(s)), media (e.g., television program or movie), at least one media rule (e.g., geographic restriction on content) indicating at least one of a plurality of media switches (e.g., edge servers or Media distribution servers) to which the media is to be distributed, and at least one order rule (e.g., revenue sharing) indicating settlement for streamed media.

67.     The WWE Streaming Platform distributes the media from the service processor (e.g., WWE server(s)) to the at least one media switch (e.g., Edge servers or Media Distribution servers) according to the media rule (e.g., Geographic Restriction on content).

68.     On information and belief, the WWE Streaming Platform transmits a media identification for the media and the order rule to the at least one media switch.

69.     On information and belief, the WWE Streaming Platform receives signaling from a viewer (e.g., Client Device) at a management system (e.g., WWE Server(s)), the signaling comprising the media request (e.g., GET request) that identifies a requested media.

70.     On information and belief, the WWE Streaming Platform builds a reservation (e.g., connection, session) for the requested media at a reservation server (e.g., Reservation module running on WWE server(s)), the reservation comprising a reservation identification (e.g., Etag, session token, auth token, etc.) and the media identification (e.g., Filename) for the requested media.

71.     The WWE Streaming Platform receives at least one information block identifying the reservation identification (e.g., Etag, session token, auth token, etc.) and identifies streaming for at least some of the requested media from the at least one media switch (e.g., Media streaming server) to the viewer (e.g., client device).

72.     On information and belief, the WWE Streaming Platform processes the information block with the reservation identification (e.g., Etag, session token, auth token, etc.) and according to the order rule (e.g., Revenue Sharing) to generate a settlement record.

73.     SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count III – Infringement of United States Patent No. 8,825,887

74.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

75.     WWE directly infringes (literally and/or under the doctrine of equivalents) the '887 patent by using the method covered by at least claim 39 of the '887 patent.

76.     On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components and/or services for streaming media, that practices and infringes the media streaming method recited in at least claim 39 of the '887 patent.

77.     The WWE Streaming Platform performs a method of streaming video. The WWE Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., television program or movie) from at least one communication device (e.g., client device such as a personal computer, mobile device, and/or television) capable of using instructions (e.g., contained within an M3U8 file(s)) received from the at least one computing device to obtain at least one portion of the requested media using at least one resource (e.g., streaming server(s)) other than the at least one computing device.

78.     The WWE Streaming Platform identifies, at the at least one computing device (e.g., WWE server(s), such as https://wwe.com/), whether the requested media (e.g., television program or movie) is available for streaming to the at least one communication device (e.g., client device, such as a personal computer, mobile device, television) in accordance with at least one program.

79.     The WWE Streaming Platform generates, at the at least one computing device (e.g., WWE server(s), such as https://wwe.com/) based on the at least one program, one or more capabilities (e.g., type of communication device, operating system, browser, and/or media player) of the communication device, and at least one characteristic associated with a user of the communication device, (i) at least one list (e.g., M3U8 playlist) identifying at least a portion of the requested media (e.g., television program or movie), (ii) at least one identification (e.g., host name) of the at least one resource (e.g., media streaming server(s)) other than the at least one computing device (e.g., WWE server(s), such as https://wwe.com/) available to facilitate streaming of the at least one portion of the requested media, and (iii) one or more instructions (e.g., segment/file structure) as to how the at least one portion of the requested media is to be streamed to the communication device.

80.     The WWE streaming platform transmits, the at least one list (e.g., M3U8 playlist), the least one identification (e.g., host name) of the at least one resource (e.g., media streaming server(s)), and the one or more instructions (e.g., segment/file structure) from the at least one computing device (e.g., WWE server(s), such as https://wwe.com/) to the at least one communication device via the communication network.

81.     On information and belief, the WWE streaming platform identifies at least one revenue sharing rule for sharing between at least two parties at least a percentage of revenue

generated by streaming the at least the portion of the requested media (e.g., television program or movie).

82.     On information and belief, the WWE streaming platform generates at least one settlement record based on the at least one revenue sharing rule for sharing between the at least two parties the at least the percentage of revenue generated by streaming the at least the portion of the requested media (e.g., television program or movie).

83.     SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

## Count IV – Infringement of United States Patent No. 9,026,673

84.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

85.     WWE directly infringes (literally and/or under the doctrine of equivalents) the '673 patent by using the method covered by at least claim 1 of the '673 patent.

86.     On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components and/or services for streaming media, that practices and infringes the media streaming method recited in at least claim 1 of the '673 patent.

87.     The WWE Streaming Platform performs a method of streaming video. The WWE Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., television program or movie) from at least one communication device (e.g., client device such as a personal computer, mobile device, and/or  television)  capable of using instructions (e.g.,

14

contained within an M3U8 file(s)) received from the at least one computing device to obtain at least one portion of the requested media using at least one resource (e.g., streaming server(s)) other than the at least one computing device.

88.    The WWE Streaming Platform determines, by the at least one computing device (e.g., server(s)), whether the at least one portion of the requested media (e.g., video segment(s)) is available for streaming in accordance with at least one program comprising at least one media selector (e.g., rules/instructions) defining how to select at least one other media (e.g., advertisement).

89.    On information and belief, the WWE Streaming Platform includes a media selector for an advertisement in an M3U8 file(s). A server in the WWE Streaming Platform determines the at least one other media based on the at least one media selector.

90.    The WWE Streaming Platform generates, by the at least one computing device and based on one or more capabilities (e.g., type of device (e.g., PC), operating system, browser and/or media player) of the communication device, at least one play script (e.g., at least one M3U8 file).

91.    The M3U8 file(s) includes: (i) an identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) an identification (e.g., identification of one or more ad breaks between video segments) of the at least one other media (e.g., advertisement), (iii) a reservation identification (e.g., authentication token) associated with the request for media, (iv) at least one universal resource locator (URL) associated with at least one of the identification of the at least one portion of the requested media and the identification of the at least one other media, the at least one URL including at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the

at least one computing device available to facilitate streaming of at least one of the at least one portion of the requested media and the at least one other media, and (v) one or more instructions for use by the communication device together with the at least one URL and the reservation identification to enable the at least one communication device to obtain the at least one portion of the requested media and the at least one other media.

92.     The WWE Streaming Platform transmits, by the at least one computing device to the communication device, the at least one play script to enable the communication device to obtain the at least one portion of the requested media and the at least one other media via the communication network using the at least one resource other than the at least one computing device.

93.     SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

## Count V – Infringement of United States Patent No. 9,135,635

94.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

95.     WWE directly infringes (literally and/or under the doctrine of equivalents) the '635 patent by using the method covered by at least claim 1 of the '635 patent.

96.     On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components and/or services for streaming media, that practices and infringes the media streaming method recited in at least claim 1 of the '635 patent.

97.    The WWE Streaming Platform performs a method of streaming media. The WWE Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., television program or movie) from a communication device (e.g., client device such as a personal computer, mobile device, and/or television). The at least one computing device comprises a combination of hardware and software.

98.    The WWE Streaming Platform determines, by the at least one computing device, at least one portion of the requested media (e.g., video segment(s)) to be streamed to the communication device.

99.    The WWE Streaming Platform transmits, by the at least one computing device for reception by the communication device, at least one play script (e.g., M3U8 file(s)) including: (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) an indication (e.g., identification of one or more ad breaks between video segments) that an advertising media clip is to be streamed to the communication device, (iii) at least one universal resource locator (URL) associated with the identification of the at least one portion of the requested media, the at least one URL including at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device to facilitate streaming of the at least one portion of the requested media, and (iv) one or more instructions for use by the communication device together with the at least one URL to cause the at least one portion of the requested media to be streamed to the communication device.

100.    SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

## Count VI – Infringement of United States Patent No. 9,135,636

101.    SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

102.    WWE directly infringes (literally and/or under the doctrine of equivalents) the '636 patent by using the method covered by at least claim 1 of the '636 patent.

103.    On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components and/or services for streaming media, that practices and infringes the media streaming method recited in at least claim 1 of the '636 patent.

104.    The WWE system that infringes one or more claims of the '636 patent includes, but is not limited to, the WWE Streaming Platform, and any other WWE network, system, device, and/or service that practices a media streaming method as claimed in the '636 patent.

105.    The WWE Streaming Platform performs a method of streaming media. The WWE Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., television program or movie) from a communication device (e.g., client device such as a personal computer, mobile device, and/or television), capable of using instructions (e.g., contained within an M3U8 file(s)) received from the at least one computing device to obtain at least one portion of the requested media (e.g., video segment(s)) using at least one resource (e.g., streaming server(s)) other than the at least one computing device.

106.    The WWE Streaming Platform generates, by the at least one computing device, at least one play script (e.g., M3U8 file(s)) including: (i) at least one identification (e.g., segment

information/segment file name) of the at least one portion of the requested media, (ii) a reservation identification (e.g., authentication token) associated with the request for media, (iii) at least one universal resource locator (URL) associated with the at least one identification of the at least one portion of the requested media, the at least one URL including at least one identification (e.g., host name) of the at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of at least one of the at least one portion of the requested media, and (iv) one or more instructions for use by the communication device together with the at least one URL and the reservation identification to enable the communication device to obtain the at least one portion of the requested media.

107.    The WWE Streaming Platform transmits, by the at least one computing device to the communication device, the at least one play script to enable the communication device to obtain the at least one portion of the requested media via the communication network using the at least one resource other than the at least one computing device.

108.    SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Count VII – Infringement of United States Patent No. 9,350,777**

109.    SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

110.    WWE directly infringes (literally and/or under the doctrine of equivalents) the '777 patent by using the method covered by at least claim 59 of the '777 patent.

111.    On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components

and/or services for streaming media, that practices and infringes the media streaming method
recited in at least claim 59 of the '777 patent.

112.    The WWE Streaming Platform performs a media streaming management method.
The WWE Streaming Platform receives, by at least one computing device (e.g., server(s))
comprising a combination of hardware and software, a request (e.g., GET request) to receive
media (e.g., television program or movie) from at least one communication device (e.g., client
device such as a personal computer, mobile device, and/or television) capable of playing the
requested media.

113.    In response to the request for media and based on one or more attributes (e.g.,
type of device (e.g., PC), operating system, browser and/or media player) of the communication
device and one or more rules associated with the requested media, the WWE Streaming Platform
transmits (e.g., within an M3U8 file(s)), to the communication device by the at least one
computing device over a communication network (e.g., the Internet), (i) at least one
identification (e.g., segment information/segment file name) of the at least one portion of the
requested media (video segment(s)), (ii) at least one identification (e.g., host name) of at least
one resource (e.g., streaming server(s)) other than the at least one computing device to facilitate
streaming of the at least one portion of the requested media, (iii) information (e.g., segment
information/segment file name, title identifier of the segment, type of file of the segment, and/or
format of the segment) for use by the communication device as to how the at least one portion of
the requested media is to be presented to a user of the communication device, and (iv) a unique
identifier (e.g., user ID and additional identifier information) for use by at least the
communication device to enable the at least one portion of the requested media to be streamed to
the communication device.

114.    SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Count VIII – Infringement of United States Patent No. 9,380,088**

115.    SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

116.    WWE directly infringes (literally and/or under the doctrine of equivalents) the '088 patent by using the method covered by at least claim 36 of the '088 patent.

117.    On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components and/or services for streaming media, that practices and infringes the media streaming method recited in at least claim 36 of the '088 patent.

118.    The WWE Streaming Platform performs a media streaming management method. The WWE Streaming Platform receives, by at least one computing device (e.g., server(s)) comprising a combination of hardware and software, a request (e.g., GET request) for media (e.g., television program or movie) from a communication device (e.g., client device such as a personal computer, mobile device, and/or television) capable of playing the requested media.

119.    In response to the request for media and based on one or more attributes (e.g., type of device (e.g., PC), operating system, browser and/or media player) of the communication device and one or more rules associated with the requested media, the WWE Streaming Platform transmits (e.g., within an M3U8 file(s)), from the at least one computing device to the communication device over a communication network (e.g., the Internet), (i) at least one identification (e.g., segment information/segment file name) of at least one portion of the

requested media (e.g., video segment(s)), (ii) an indication (e.g., identification of one or more ad breaks between video segments) that at least one advertising media clip is to be streamed to the communication device, (iii) at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of the at least one portion of the requested media, and (iv) information (e.g., segment information/segment file name, title identifier of the segment, type of file of the segment, and/or format of the segment) for use by the communication device as to how the at least one portion of the requested media and the at least one advertising media clip are to be presented to a user of the communication device.

120.    SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Count IX – Infringement of United States Patent No. 9,591,360**

121.    SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

122.    WWE directly infringes (literally and/or under the doctrine of equivalents) the '360 patent by using the method covered by at least claim 15 of the '360 patent.

123.    On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components and/or services for streaming media, that practices and infringes the media streaming method recited in at least claim 15 of the '360 patent.

124.    The WWE Streaming Platform performs a media streaming management method. The WWE Streaming Service receives from a client device (e.g., personal computer, mobile

device, television) via a packet-based telecommunication network (e.g., the Internet) signaling (e.g., GET request) to have video content (e.g., television program or movie) streamed to the client device.

125.    On information and belief, in response to the received signaling (e.g., GET request), the WWE Streaming Service generates an identifier (e.g., session cookie - Set cookie – alid) uniquely associated with the client device (e.g., personal computer, mobile device, television) and a viewing session for the video content.

126.    The WWE streaming platform transmits, to the client device, via the packet-based telecommunication network (e.g., Internet) and in one or more files (e.g., M3U8 file(s)), each of the one or more files being in a format compatible with a media player on the client device (e.g., client device such as a personal computer, mobile device, and/or  television), (i) an indication (e.g., segment information/segment file name)  of one or more segments of the video content, (ii) a URL (including an identification of one or more resources (e.g., host name) of a content distribution network available to facilitate streaming of the one or more segments to the client device, (iii) information instructing the client device how to communicate with the one or more resources of the content distribution network to cause the plurality of segments to be streamed to the client device by the content distribution network, (iv) information instructing the client device how to communicate with an advertising server to cause one or more advertisements to be streamed from the advertising server to the client device in sequence with the streaming of the plurality of segments to the client device by the content distribution network, and (v) the identifier (e.g., authentication token).

127.    SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

## <u>Count X – Infringement of United States Patent No. 9,756,362</u>

128.    SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

129.    WWE directly infringes (literally and/or under the doctrine of equivalents) the '362 patent by using the method covered by at least claim 1 of the '362 patent.

130.    On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components and/or services for streaming media, that practices and infringes the media streaming method recited in at least claim 1 of the '362 patent.

131.    The WWE Streaming Platform performs a media streaming management method. The WWE Streaming Platform receives video content (e.g., television program or movie) from video content owner.

132.    The WWE Streaming Platform stores the received videos content (e.g., television program or movie) in a plurality of geographically separated resources (e.g., media streaming servers) of a content distribution network (e.g., distributed network of servers).

133.    The WWE Streaming Platform receives, from the client device (e.g., personal computer, mobile device, television) via a packet-based telecommunication network (e.g., Internet), signaling (e.g., GET request) to have the stored video content (e.g., television program or movie) streamed to the client device from one or more of the resources of the content distribution network.

134.     In response to the received signaling (e.g., GET request), the WWE Streaming Platform transmits one or more files (e.g., (M3U8)) to the client device (e.g., personal computer, mobile device, television) over the packet-based telecommunication network (e.g., the Internet).

135.     The M3U8 includes an identification (e.g., URL that resolves an IP address) of one or more of the resources (e.g., media streaming server(s)) of the content distribution network available to facilitate streaming of one or more segments of the stored video content (e.g., television program or movie) to the client device (e.g., personal computer, mobile device, television), the identification is dependent at least in part on a relationship between a geographic location of the client device and geographic locations (e.g., CDNs) of the resources of the content distribution network.

136.     The M3U8 includes an identification of an advertising server, the identification of the advertising server being dependent at least in part on a relationship between the geographic location (e.g., CDNs) of the client device (e.g., personal computer, mobile device, television) and a geographic location of the advertising server.

137.     The M3U8 causes the client device to communicate with resources (e.g., media streaming servers) of the content distribution network and the advertising server to cause the one or more segments of the stored video (e.g., television program or movie) to be streamed to the client device (e.g., personal computer, mobile device, television) by the identified one or more resources of the content distribution network and cause one or more advertisements to be streamed from the advertising server to the client device.

138.     SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Count XI – Infringement of United States Patent No. 10,009,637**

139.    SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

140.    WWE directly infringes (literally and/or under the doctrine of equivalents) the '637 patent by using the method covered by at least claim 1 of the '637 patent.

141.    On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components and/or services for streaming media, that practices and infringes the media streaming method recited in at least claim 1 of the '637 patent.

142.    The WWE Streaming Platform performs a method for managing streaming of video content (e.g., television program or movie) to a client device (e.g., personal computer, mobile device, and/or television). The WWE Streaming Platform provides the video content to a content distribution network (e.g., content delivery network (CDN)) for storage in a plurality of geographically separated resources (e.g., streaming servers located throughout the United States) of the content distribution network.

143.    A server(s) receives, from the client device via a packet-based telecommunication network (e.g., the Internet), signaling (e.g., GET request) to have the stored video content streamed to the client device.

144.    In response to the received signaling, a server transmits one or more files (e.g., M3U8 file(s)  to the client device via the packet-based telecommunication network, each of the one or more files being in a format compatible with a media player on the client device, the one or more files comprising (i) an identification (e.g., host name) of one or more of the resources

(e.g., streaming server(s)) of the content distribution network available to facilitate streaming of one or more segments of the stored video content to the client device, the identification being dependent at least in part on a relationship between a geographic location of the client device and geographic locations of the resources of the content distribution network (e.g., the host name will resolve an IP address of a streaming server of a CDN that is geographically close to the client device), and (ii) an identification (e.g., host name) of an advertising server, the identification of the advertising server being dependent at least in part on a relationship between the geographic location of the client device and a geographic location of the advertising server (e.g., on information and belief, the host name will resolve an IP address of an advertising server that is geographically close to the client device).

145.    The one or more files, when processed by the client device, cause the client device to communicate with the identified one or more resources of the content distribution network and the advertising server to cause the one or more segments of the stored video to be streamed to the client device by the identified one or more resources of the content distribution network and cause one or more advertisements to be streamed from the advertising server to the client device.

146.    SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

## Count XII – Infringement of United States Patent No. 10,171,846

147.    SITO repeats, re-alleges, and incorporates by reference, as if fully set forth here, the preceding paragraphs of this Complaint.

148.    WWE directly infringes (literally and/or under the doctrine of equivalents) the '846 patent by using the method covered by at least claim 1 of the '846 patent.

149.    On information and belief, and without SITO's approval, authorization and license, WWE owns, controls, operates and uses a system for streaming media that includes the WWE Streaming Platform, as well as other WWE networks, systems, devices, components and/or services for streaming media, that practices and infringes the media streaming method recited in at least claim 1 of the '846 patent.

150.    The WWE Streaming Platform performs a method for managing streaming of video content (e.g., television program or movie) to a client device (e.g., personal computer, mobile device, and/or television). The WWE Streaming Platform provides the video content to a content distribution network (e.g., content delivery network (CDN)) for storage in a plurality of geographically separated resources (e.g., streaming servers located throughout the United States) of the content distribution network.

151.    On information and belief, the WWE Streaming Platform dynamically selects one or more advertisement media clips (e.g., targeted advertisement(s)) based on statistical information (e.g., user interest/behavior, demographics) associated with a user of the client device.[8]

152.    A server receives, from the client device (e.g., personal computer, mobile device, and/or television) via a packet-based telecommunication network (e.g., the Internet), signaling (e.g., GET request) to have the stored video content streamed to the client device.

153.    In response to the received signaling, a server transmits to the client device, via the packet-based telecommunication network and in one or more files (e.g., M3U8 file(s)) having a format compatible with a media player on the client device, (i) an identification (e.g., host

---

[8]https://www.codeandtheory.com/things-we-make/wwe

name) of one or more of the resources (e.g., streaming server(s)) of the content distribution network available to facilitate streaming of one or more segments of the stored video content to the client device, the identification being dependent at least in part on a relationship between a geographic location of the client device and geographic locations of the resources of the content distribution network (e.g., the host name will resolve an IP address of a streaming server of a CDN that is geographically close to the client device), and (ii) an identification (e.g., host name) of an advertising server, the identification of the advertising server being dependent at least in part on a relationship between the geographic location of the client device and a geographic location of the advertising server (e.g., on information and belief, the host name will resolve an IP address of an advertising server that is geographically close to the client device).

154.    The one or more files, when processed by the client device, cause the client device to communicate with the identified one or more resources of the content distribution network and the advertising server to cause the one or more segments of the stored video to be streamed to the client device by the identified one or more resources of the content distribution network and cause the one or more selected advertisement media clips to be streamed from the advertising server to the client device.

155.    SITO has been damaged by the direct infringement of WWE, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

## JURY DEMANDED

156.    Pursuant to Federal Rule of Civil Procedure 38(b), SITO hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

SITO respectfully requests this Court to enter judgment in SITO's favor and against WWE as follows:

a. finding that WWE directly infringes, literally and/or under the doctrine of equivalents, one or more claims of each of the patents-in-suit;

b. awarding SITO damages under 35 U.S.C. § 284, or otherwise permitted by law, including supplemental damages for any continued post-verdict infringement;

c. awarding SITO pre-judgment and post-judgment interest on the damages award and costs;

d. awarding costs of this action (including all disbursements) and attorney fees pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

e. awarding such other costs and further relief that the Court determines to be just and equitable.

May 20, 2021

Of Counsel:

Ronald M. Daignault*#
Chandran B. Iyer*
Jason S. Charkow*#
DAIGNAULT IYER LLP
8618 Westwood Center Drive, Suite 150
Vienna, VA 22182
rdaignault@daignaultiyer.com
cbiyer@daignaultiyer.com
jcharkow@daignaultiyer.com

*Pro hac vice to be filed
#Not admitted in Virginia

Respectfully submitted,

/s/Stamatios Stamoulis
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
STAMOULIS & WEINBLATT LLC
800 N. West Street – Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiffs*
*SITO Mobile R&D IP, LLC and*
*SITO Mobile Ltd.*