# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SITO MOBILE R&D IP, LLC, and<br>SITO MOBILE, LTD.,<br><br>    Plaintiffs,<br> v.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, INC.,<br><br>    Defendant. | C.A. No. 21-721-CFC |

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STAY PENDING *INTER PARTES* REVIEW AND COVERED BUSINESS METHOD REVIEW

                 **K&L GATES LLP**
                 Steven L. Caponi (No. 3484)
                 Matthew B. Goeller (No. 6283)
                 600 King Street, Suite 901
                 Wilmington DE 19801
                 Phone: (302) 416-7000
                 steven.caponi@klgates.com
                 matthew.goeller@klgates.com

                 *Counsel for Defendant*

Dated: July 15, 2021

**TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ................................................1
II. SUMMARY OF ARGUMENT ........................................................................3
III. STATEMENT OF FACTS ...............................................................................4
    A. The Parties ............................................................................................ 4
    B. The IPRs and CBM: ............................................................................. 4
IV. ARGUMENT ....................................................................................................6
    A. A Stay Will Simplify the Issues for Trial ........................................... 7
    B. The Status of the Litigation Favors Granting a Stay ............................. 10
    C. SITO Will Not Suffer Undue Prejudice or a Tactical Disadvantage .. 11
    D. A Stay Will Reduce the Burdens of Litigation on both the Parties and the Court ................................................................................................ 13
V. CONCLUSION ................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Audio MPEG, Inc. v. Hewlett-Packard Co.*,
   No. 2:15-cv-73, 2015 WL 5567085 (E.D. Va. Sept. 21, 2015) ......................... 13

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*
   Nos. 12–cv–1107 (GMS), 12–cv–1109 (GMS), 12–cv–1110
   (GMS), 2014 WL
   1369721 (D. Del. Apr. 7, 2014) ...................................................................... 7, 8

*British Telecomms. PLC v. IAC/InterActiveCorp*,
   No. 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019) ................. *passim*

*British Telecomms. PLC v. IAC/InterActiveCorp*,
   No. 18-366-WCB, 2020 WL 5517283 (D. Del. Sept. 11, 2020) ....................... 13

*Contour IP Holding, LLC v. GoPro, Inc.*,
   No. 15-1108-LPS-CJB, 2016 WL 4474340 (D. Del. Jul. 14, 2016) .............. 9, 10

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ......................................................................... 6

*IOEngine, LLC v. PayPal Holdings, Inc.*,
   No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ............... 4, 6, 13

*Miics & Partners Am. Inc. v. Toshiba Corp.*,
   Nos. 14-803-RGA, 14-804-RGA, 2015 WL 9854845 (D. Del. Aug.
   11, 2015) ......................................................................................................... 12

*Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*,
   No. 12-1461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ....... 6, 10, 11

*SITO Mobile R&D IP et al. v. FuboTV, Inc.*,
   No. 1:21-cv-00725 (D. Del.) .............................................................................. 1

*Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*,
   No. 16-CV-4236 (AJN), 2016 WL 6094114 (S.D.N.Y. Oct. 18,
   2016) ............................................................................................................... 13

*Uniloc 2017 LLC v. Vudu, Inc.*,
   No. 19-183-CFC, D.I. 72 (D. Del. Mar. 26, 2020) .......................................... 8, 12

**Statutes**

35 U.S.C. § 315(b) ..................................................................................................... 2

35 U.S.C. § 316(a)(11) ........................................................................................... 2, 5

35 U.S.C. § 326(a)(11) ........................................................................................... 2, 5

America Invents Act ............................................................................................... 6, 7

Pub. L. No. 112-29 ...................................................................................................... 7

125 Stat. 284, 331 § 18(b)(1) (2011) .......................................................................... 7

**Other Authorities**

157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (statement of Sen.
   Chuck Schumer) ................................................................................................. 14

Defendant World Wrestling Entertainment, Inc. ("WWE") moves to stay the above-captioned action, Civil Action No. 21-cv-721-CFC, pending resolution of seven instituted *inter partes* reviews ("IPRs") and one covered business method review ("CBM") already underway on seven of the twelve asserted patents in this action.

## I.   NATURE AND STAGE OF PROCEEDINGS

On May 20, 2021, Plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, LTD. (collectively, "SITO") filed a barebones complaint for patent infringement against WWE, asserting twelve patents: U.S. Patent Nos. 7,054,949; 7,689,706; 8,825,887; 9,026,673; 9,135,635; 9,135,636; 9,350,777; 9,380,088; 9,591,360; 9,756,362; 10,009,637; and 10,171,846 (collectively, the "Asserted Patents"). Ten of the twelve Asserted Patents are expired, and SITO seeks only monetary damages in its complaint. *See* D.I. 1 at 30. One day after it filed suit against WWE, SITO sued, also in this Court, fuboTV Media, Inc. ("fuboTV") alleging infringement of the same twelve Asserted Patents. *SITO Mobile R&D IP et al. v. FuboTV, Inc.*, No. 1:21-cv-00725 (D. Del.).

The parties agreed to extend WWE's time to respond to SITO's complaint until July 29, 2021. D. I. 9. fuboTV's response to SITO's complaint is due July 15, 2021. *SITO Mobile R&D IP et al. v. FuboTV, Inc.*, No. 1:21-cv-00725, D.I. 7 (D. Del. May 27, 2021). Accordingly, both cases are at their earliest stages.

On June 2, 2020, SITO also sued Hulu, LLC ("Hulu") for patent infringement in the District Court for the Western District of Texas, asserting seven patents. All seven of the patents asserted against Hulu are among the twelve asserted against WWE and fuboTV. The asserted patents in the Hulu matter are U.S. Patent Nos. 8,825,887; 9,026,673; 9,135,635; 9,135,636; 9,591,360; 10,009,637; and 10,171,846. In late 2020, Hulu timely filed seven IPR petitions and one CBM petition against the seven SITO patents: one IPR against each of the seven patents asserted against it, and one CBM against Patent No. 8,825,887. In April—May 2021, the Patent Trial and Appeal Board ("PTAB") instituted all seven IPRs and the CBM. Thus, seven of twelve of the Asserted Patents in this action are presently undergoing post-grant review by the PTAB.[1] The PTAB's final determinations of the instituted IPRs and CBM are due one year after institution. 35 U.S.C. §§ 316(a)(11), 326(a)(11).

For the sake of efficiency for both the court and the parties, WWE sought SITO's agreement to stay the present action at least until resolution of the instituted IPRs and CBM, as it is highly likely that the IPRs and CBM could significantly reduce and/or simplify the issues, such as the number of Asserted Patents, the number of asserted claims, and the value of the claims, if any, that survive the IPRs

---

[1] WWE and fuboTV have until one year from the date they were served with the Complaints against them to file their own IPRs on the Asserted Patents. 35 U.S.C. § 315(b).

and CBM. fuboTV likewise is seeking a stay. SITO opposes both parties' stay motions. Accordingly, WWE and fuboTV are moving simultaneously for a stay of the respective actions against them.[2]

## II. SUMMARY OF ARGUMENT

All factors typically considered in assessing motions to stay favor granting the requested stay. Through the IPRs and CBM, the PTAB may invalidate claims from more than half of the Asserted Patents, thus eliminating them from this litigation entirely. The early stage of the litigation likewise favors a stay, as the pleadings have not even closed, and neither the parties nor the Court have invested significant time and effort into this matter. In sharp contrast, the IPRs and CBM are heading to final determinations in April–May 2022, and waiting until they are resolved would save significant time and expense of both the parties and the Court. A stay will neither unduly prejudice SITO nor provide WWE with a tactical advantage. SITO does not compete directly with WWE and, in the event that SITO ultimately prevails, SITO can be made whole by monetary damages, which will still be available after the IPRs and CBM are complete. As this Court has noted, "[t]he legislative history of the AIA makes it apparent that Congress intended for district courts to be liberal in granting stays pending CBM review." *IOEngine, LLC v. PayPal Holdings, Inc.*, No. 18-452-

---

[2] On June 14, 2021, shortly after the various institution decisions, Hulu filed its own motion to stay the action against it. That motion is pending.

WCB, 2019 WL 3943058, at *3 (D. Del. Aug. 21, 2019). This same rationale applies also to the instituted IPRs.

### III. STATEMENT OF FACTS

#### A. The Parties

SITO has alleged that "WWE offers a subscription-based streaming service that provides video programming over the Internet" through devices including "'TVs, game consoles, phones, tablets, and computers.'" D.I. 1 at ¶¶ 11, 13. SITO also has alleged that "WWE streams videos using a network(s) of servers" using "Dynamic Adaptive Streaming over HTTP (MPEG-DASH) and/or HTTP." *Id.* at ¶ 15.

Plaintiffs provided no details about their businesses in their complaint other than their states of organization and places of business, D.I. 1 at 2—3, but claim on a website to provide "consumer behavior & location services" to customers. SITO, https://sitomobile.com/ (last visited July 12, 2021). SITO and WWE plainly are not competitors.

#### B. The IPRs and CBM:

In response to the petitions filed by Hulu, the PTAB instituted review of seven of twelve Asserted Patents. The chart below shows the IPR and CBM cases and institution dates, with the seven claims "asserted" against WWE in the Complaint in the present action bolded:

4

| Patent No. | Asserted Claim[3] | IPR Case No. | Institution Date | Challenged Claims in IPR/CBM |
|---|---|---|---|---|
| 8,825,887 | 39 | IPR2021-00308 | 5/19/2021 | **39**, 40, 45, 47, 52, 68, 98–101, 103, 105, 111, 115–117 |
| | | CBM2020-00028 | 3/18/2021 | 1–12, **39**–41, 45–56, 68, 98–126 |
| 9,026,673 | 1 | IPR2021-00158 | 4/20/2021 | **1**–3, 5, 6, 19–21, 23, 26, 27, 30, 31, 33 |
| 9,135,635 | 1 | IPR2021-00219 | 5/10/2021 | **1**–5, 7, 11–13, 17, 18, 20, 22 |
| 9,135,636 | 1 | IPR2021-00206 | 5/10/2021 | **1**–3, 10–11, 14, 34–35, 37, 38, 43, 47–50 |
| 9,591,360 | 15 | IPR2021-00265 | 5/19/2021 | **15**–19, 21, 24, 27 |
| 10,009,637 | 1 | IPR2021-00304 | 5/19/2021 | **1**–4, 7–10 |
| 10,171,846 | 1 | IPR2021-00298 | 5/19/2021 | **1**–4, 7–10 |

The PTAB must issue a final written decision in the IPRs and CBM no later than one year following institution, 35 U.S.C. §§ 316(a)(11), 326(a)(11), so final written decisions will begin issuing around April 18, 2022. The IPRs and CBM all will be concluded (but for potential rehearing requests and appeals) no later than May 19, 2022.

---

[3] In each count, the Complaint formulaically accuses WWE of infringing "at least" the single claim identified in this column. *See* D.I. 1 at ¶¶ 54, 64, 75, 85, 95, 102, 110, 116, 122, 129, 140, 148.

## IV.  ARGUMENT

All Factors Favor Staying this Litigation until Resolution of the IPRs and CBM Already Instituted Against the Majority of the Asserted Patents.  "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO [review]." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426—27 (Fed. Cir. 1988) (internal citation omitted). Courts apply a "liberal policy in favor of stays . . . pending instituted IPR proceedings." *IOENGINE*, 2019 WL 3943058, at *4 (internal quotations omitted). Further, "[t]he legislative history of the [America Invents Act] makes it apparent that Congress intended for district courts to be liberal in granting stays pending CBM review." *Id.* at *3. Though five Asserted Patents in this action are not presently subject to IPRs or CBM, "district courts have frequently issued stays in which IPR proceedings have been instituted on fewer than all of the claims asserted in the related litigation." *Id.* at *9 (collecting cases).

This Court typically considers three factors when deciding whether to grant a stay pending IPR proceedings: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the nonmovant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical

advantage." *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, No. 12-1461-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014).

When deciding whether to grant a stay pending CBM proceedings, district courts consider an additional fourth factor, "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." America Invents Act, Pub. L. No. 112-29, § 18(b)(1), 125 Stat. 284, 331 (2011). While the AIA fourth factor typically is applied only in cases involving a CBM, "the policy considerations that apply in [both the CBM and IPR] contexts are similar, and the Federal Circuit has held that the fourth factor set forth in the CBM statute may properly be applied to stays in IPR cases as well." *British Telecomms. PLC v. IAC/InterActiveCorp*, No. 18-366-WCB, 2019 WL 4740156, at *3 (D. Del. Sept. 27, 2019). All four factors support granting a stay in the present action.

### A. A Stay Will Simplify the Issues for Trial

The IPRs and CBM undoubedtly will simplify the issues to be tried in this case. In *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, this Court detailed numerous reasons why granting a stay pending resolution of IPR proceedings simplifies litigation:

> (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is

7

> declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pretrial conferences and (7) the cost will likely be reduced both for the parties and the court.

Nos. 12–cv–1107 (GMS), 12–cv–1109 (GMS), 12–cv–1110 (GMS), 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014). All of these reasons support a stay here.

Indeed, the IPR and CBM proceedings at issue here are particularly likely to simplify the issues in this case for trial. Seven of twelve Asserted Patents are subject to eight instituted reviews by the PTAB. The seven challenged Asserted Patents are weak, evidenced by the PTAB's 100% rate of institution.

The simplification factor favors a stay even though only a majority (not all) of Asserted Patents and asserted claims in this case currently are subject to PTAB review. As this Court recognized, "While it is true that the IPR will not address all of the claims at issue in the district court litigation, the Court nonetheless believes it is highly likely that the IPR will result in simplification of the district court proceedings." *British Telecomms.*, 2019 WL 4740156, at *7 (collecting cases). *See also Uniloc 2017 LLC v. Vudu, Inc.*, No. 19-183-CFC, D.I. 72 at *1 (D. Del. Mar.

8

26, 2020) (a stay would simplify the issues for trial when 50% of asserted patents were subject to IPR); *Bonutti*, 2014 WL 1369721, at *1 (a stay would simplify the issues for trial when four of six patents were subject to IPR petitions and, at the time of stay, only two petitions had been granted). That same logic applies here.

Moreover, "even when IPRs are instituted on fewer than all the asserted claims, the policies favoring simplification and the reduction of litigation burdens on the parties and the court are often applicable, particularly when the claims that are before the PTAB in an IPR are similar to those that are not." *British Telecomms.*, 2019 WL 4740156, at *7. Here, the five Asserted Patents not currently subject to IPRs or CBM all belong to the same patent family as the seven challenged Asserted Patents. They all claim priority back to a provisional application (Serial No. 60/263,044) filed January 19, 2001. Therefore, even though those five patents are not presently under PTAB review, it is highly likely that the PTAB's forthcoming IPR and CBM decisions on the closely-related seven challenged patents will have a significant impact on how this Court later assesses the validity and construction of claims in the five other patents. *See id.* at *9; *see also Contour IP Holding, LLC v. GoPro, Inc.*, No. 15-1108-LPS-CJB, 2016 WL 4474340, at *3 (D. Del. Jul. 14, 2016) (the "PTAB's sound judgment" with regards to asserted claims subject to IPRs would be "instructive" to the Court in litigating other asserted claims with "identical or similar terms"). In *British Telecomms*, this Court emphasized the value of the

benefits of "PTAB's guidance on the construction of certain claim terms," possibly "additional prosecution history that could assist the Court in addressing the issues of claim construction and validity," and the Court can avoid or reduce "what otherwise could be duplication of effort and possibly inconsistent results between the administrative agency and this Court." *See British Telecomms.*, 2019 WL 4740156, at *8. Thus, regardless whether the PTAB invalidates all, several, or none of the seven challenged Asserted Patents, granting a stay in light of the pending IPR and CBM reviews invariably will benefit the Court by simplifying the issues in this case for trial.

### B.     The Status of the Litigation Favors Granting a Stay

The second factor weighs heavily in favor of granting a stay. "Granting such a stay early in a case can be said to advance judicial efficiency and 'maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.'" *Princeton*, 2014 WL 3819458, at *3 (quoting *Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99–375 GMS, 2001 WL 125340, at *2 (D. Del. Jan. 29, 2001)). *See also Contour*, 2016 WL 4474340, at *3.

In *Princeton*, this Court found that the status of litigation favored granting a stay because "most of the significant case events are well in the future." *Princeton*, 2014 WL 3819458, at *4. Here, the litigation is at its earliest stage. WWE has not yet responded to the Complaint, the parties have not commenced discovery or the

claim construction process, and the Court has not yet entered a Scheduling Order. Unlike in *Princeton*, all, not just the vast majority of, "significant case events" in this litigation are still to come.

Granting a stay now would allow the parties to avoid discovery on invalidated claims, and would save the parties and the Court from engaging in motion practice and the claim construction process for claims that may not survive the IPRs and CBM. Therefore, the second factor heavily favors granting a stay.

### C. SITO Will Not Suffer Undue Prejudice or a Tactical Disadvantage

In assessing whether a stay will cause the non-moving party to suffer undue prejudice, this Court typically considers: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *British Telecomms.*, 2019 WL 4740156, at *5. All four indicate that SITO will not suffer undue prejudice from a stay.

First, the timing of the IPR and CBM petitions indicates that they were not filed to delay unfairly prosecutions of SITO's claims at a critical juncture in the case. Rather, SITO filed the present action against WWE *after* the PTAB instituted IPRs and CBM on seven of the twelve Asserted Patents. And, SITO itself waited years to

assert its patents, even after the expiration date of ten of the Asserted Patents.[4] Accordingly, the timing of the IPR and CBM petitions favors granting a stay.

Second, WWE is filing its stay request in the earliest stage of litigation, before WWE even responded to the Complaint. The vast majority of litigation tasks are still far in the future in this case; thus, the timing of WWE's request for a stay does not indicate that SITO will suffer undue prejudice.

Third, the PTAB already has instituted the seven IPRs and one CBM on seven of the twelve Asserted Patents. Therefore, the status of the review proceedings favors granting a stay.

Finally, the relationship between the parties establishes that SITO will not suffer any undue prejudice if this Court grants a stay. WWE and SITO are not competitors. WWE is an integrated media and entertainment company, whereas SITO appears to be a data and analytics company that provides "consumer behavior & location services" to its customers. SITO, https://sitomobile.com/ (last visited July 12, 2021). SITO also has requested only monetary damages, and has not asked this Court for any other relief. *See* D.I. 1 at 30. Where "[p]laintiffs are not competitors of the defendant[], and . . . are realistically looking only for monetary damages[,] [i]t

---

[4] The WWE Network launched on February 14, 2014, more than seven years before SITO filed suit. The earliest issued Asserted Patent (Patent No. 7,054,949) issued almost fifteen years before SITO commenced this action, and the latest issued Asserted Patent (Patent No. 10,171,846) issued almost three years before SITO commenced this action. *See* D.I. 1 at ¶¶ 17, 50.

12

does not appear that they will suffer any undue prejudice if the motion [to stay] is granted." *Miics & Partners Am. Inc. v. Toshiba Corp.*, Nos. 14-803-RGA, 14-804-RGA, 2015 WL 9854845, at *1 (D. Del. Aug. 11, 2015). *See also Uniloc 2017 LLC v. Vudu, Inc.*, No. 19-183-CFC, D.I. 72 at *2 (D. Del. Mar. 26, 2020) ("[B]ecause Plaintiff . . . does not compete with [Defendant] and thus any alleged harm it may suffer is purely monetary, [Plaintiff] will not be unduly prejudiced by a stay."). Furthermore, ten of the twelve Asserted Patents already have expired. Assertion of expired patents-in-suit favors granting a stay because, by definition, only money damages are at stake. *See, e.g.*, *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-CV-4236 (AJN), 2016 WL 6094114, at *3 (S.D.N.Y. Oct. 18, 2016); *Audio MPEG, Inc. v. Hewlett-Packard Co.*, No. 2:15-cv-73, 2015 WL 5567085, at *5 (E.D. Va. Sept. 21, 2015) ("[B]ecause the patents at issue have expired, monetary damages will be sufficient to compensate Plaintiffs for any infringement.").

### D. A Stay Will Reduce the Burdens of Litigation on both the Parties and the Court

"The legislative history of the AIA makes it apparent that Congress intended for district courts to be liberal in granting stays pending CBM review." *IOENGINE*, 2019 WL 3943058, at *3. *See also British Telecomms. PLC v. IAC/InterActiveCorp*, No. 18-366-WCB, 2020 WL 5517283, at *3 n.1 (D. Del. Sept. 11, 2020) (Congress intended "to encourage district courts to issue stays when district court litigation and post-grant proceedings were co-pending"). The fourth factor instituted by Congress

13

was "intended to ensure that courts apply their discretion to grant stays liberally so as to minimize the duplicative litigation of patent validity issues in parallel forums." *British Telecomms.*, 2020 WL 5517283, at *3. This same rationale applies also to the instituted IPRs. Accordingly, the instituted IPRs and CBM place "a very heavy thumb on the scale in favor on a stay being granted." 157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Chuck Schumer).

## V. CONCLUSION

For the reasons explained above, Defendant respectfully requests the Court stay the above-captioned action until the final resolution of at least the pending IPR AND CBM proceedings.

Dated July 15, 2021             **K&L GATES LLP**

                                       <u>/s/ Steven L. Caponi</u>
                                       Steven L. Caponi (No. 3484)
                                       Matthew B. Goeller (No. 6283)
                                       600 King Street, Suite 901
                                       Wilmington DE 19801
                                       Phone: (302) 416-7000
                                       steven.caponi@klgates.com
                                       matthew.goeller@klgates.com

                                       *Counsel for Defendant*

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 3,232 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the motion. The word count does not include the cover page, tables of contents and authorities, or the counsel signature block.

*/s/ Steven L. Caponi*_____
Steven L. Caponi (No. 3484)