IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SITO MOBILE R&D IP, LLC and
SITO MOBILE, LTD.,

        Plaintiffs,

v.

WORLD WRESTLING
ENTERTAINMENT, INC.,

        Defendant.

C.A. No. 21-721-CFC

## ORDER

Plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. (collectively, SITO) have sued Defendant World Wrestling Entertainment, Inc. (WWE) for alleged infringement of 12 patents. The Patent Trial and Appeal Board (PTAB) has instituted *inter partes* reviews (IPRs) of six of the asserted patents and both an IPR and a covered business method review (CBM) of one of the asserted patents. Pending before me is WWE's Motion to Stay Pending *Inter Partes* Review and Covered Business Method Review. D.I. 11. SITO opposes the motion.

Whether or not to stay litigation is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). In exercising this discretion, the Court must weigh the competing interests of the parties and

attempt to maintain an even balance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Courts typically consider three factors in deciding whether to exercise this discretion: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g., Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015); *Enhanced Sec. Rsch., LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010). Additionally, there is a fourth factor—"whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court"—that courts consider when deciding whether to stay a case pending CBM proceedings. *Brit. Telecomms. PLC v. IAC/InterActiveCorp.*, 2019 WL 4740156, at *2 (D. Del. Sept. 27, 2019). "While the four-factor test that Congress enacted for stays in CBM proceedings does not expressly extend to IPR cases, the policy considerations that apply in the two contexts are similar, and the Federal Circuit has held that the fourth factor set forth in the CBM statute may properly be applied to stays in IPR cases as well." *Id.* at *3 (citation omitted).

All four factors weigh in favor of a stay in this case. First, a stay will almost certainly simplify the issues in the case. The IPRs cover seven of the 12 asserted patents. According to statistics published by the United States Patent and Trademark Office (PTO), more than 80% of final written decisions issued by the

2

PTAB as of September 2020 resulted in the cancellation of at least one claim. *See* D.I. 18 at 2 (citing USPTO, Trial Statistics: IPR, PGR, CBM: Patent Trial and Appeal Board September 2020, https://www.uspto.gov/sites/default/files/documents/trial_statistics_20200930.pdf (last visited Dec. 15, 2021)). The PTAB has instituted IPRs for every claim of the seven patents in question for which post-grant review was sought. Accordingly, the odds are high that the IPRs will reduce the number of claims at issue in this case. Moreover, even if the PTAB did not cancel any of the claims, staying the case would still likely simplify the case because (1) the seven patents at issue before the PTAB and the five other patents in this case belong to the same family; (2) SITO's statements to the PTO during the IPRs will become part of the various patents' file histories, thus helping to clarify and perhaps narrow the scope of the remaining claims; and (3) WWE has "agree[d] to be bound in this matter by the outcomes of the [IPRs and CBM] to the same extent that the petitioner in the IPRs and CBM, Hulu, LLC, is bound, creating statutory estoppel under 35 U.S.C. § 315(e)(2)," D.I. 25 at 1.

      Second, the case is in its early stages. The parties have not held a Rule 26(f) conference, and there is no scheduled Rule 16(b) conference. The parties have yet to initiate fact discovery or claim construction, and no trial date has been set. Granting a stay at this early stage will advance judicial efficiency and maximize

3

the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.

Third, a stay will neither unduly prejudice nor provide a clear tactical disadvantage to SITO. The parties are not competitors, the only relief SITO seeks is money damages, and all but two of the asserted patents have expired. Thus, any delay can be adequately remedied by money damages plus accrued interest. SITO argues that "a stay would unduly prejudice SITO due to its ongoing bankruptcy reorganization proceedings," D.I. 17 at 4, but it offers no explanation to support this conclusory assertion, and therefore I find it unconvincing.

Fourth, for the reasons discussed above in the context of the first and second factors, staying the case pending post-grant review will reduce the burdens on the Court.

NOW THEREFORE, at Wilmington on this Twentieth day of December in 2021, **IT IS HEREBY ORDERED** that this case is **STAYED** until 14 days after resolution of IPR2021-00308, CBM2020-00028, IPR2021-00158, IPR2021-00219, IPR2021-00206, IPR2021-00265, IPR2021-00304, and IPR2021-00298. **IT IS FURTHER ORDERED** that no later than 14 days after resolution of these post-grant review proceedings, the parties shall file a joint status report advising the

5

Court as to how this case should proceed.

_____<br>Chief Judge

Case 1:21-cv-00721-CFC   Document 26   Filed 12/20/21   Page 5 of 5 PageID #: 2020